IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC MILLER,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-00657-DLM

CHRISTOPHER PEREZ and
MARCY BAYSINGER,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
ORDER TO SHOW CAUSE, AND
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint and Emergency Request for Injunction (Doc. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and Motion for Appointment of Counsel (Doc. 3), all filed July 11, 2025.

**I.**    **Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,200.00; (ii) Plaintiff has $0.00 in cash and $670.00 in a bank account; and (iii) Plaintiff's monthly expenses total $1053.16. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and his monthly expenses are approximately equal to his low monthly income.

**II.    Order to Show Cause**

This case arises from proceedings in state court regarding, among other things, the appointment of a temporary guardian and conservator for Plaintiff's mother. Plaintiff asserts civil rights claims and claims pursuant to federal and state laws against Defendant Perez, the state-court judge presiding over the proceedings in state court, and Defendant Baysinger, a private attorney in the state-court proceeding. Plaintiff seeks monetary damages and injunctive relief including disqualification of the state-court judge and dismissal of the claims in the state-court proceeding. (*See* Doc. 1 at 43–44.)

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval Cnty. Children Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223 *2 (10th Cir. July 17, 2023) (stating, "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out

deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the state court proceedings.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United

States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

It also appears that the Court does not have jurisdiction over Plaintiff's claims against the Defendant Perez in his official capacity, the judge presiding over the proceeding in state court.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kan. Dep't of Social & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015); *see also Turner v. Nat'l Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013); *Catanach v. Thomson*, 718 F. App'x 595, 597, 599–600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable*'") (emphasis added) (quoting 42 U.S.C. § 1983). There are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims.

> The Anti-Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.

> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti-Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.* at 318.

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1187–88 (10th Cir. 2016).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case pursuant to *Younger* and/or *Rooker-Feldman*. Plaintiff must identify each case in state court dealing with the same facts involved in this action including the name of the courts and the case numbers. Plaintiff must also indicate whether each state court proceeding is ongoing or has been dismissed and whether Plaintiff has appealed any final judgment in the state court proceedings. The Court also orders Plaintiff to show cause why the Court should not dismiss the claims against Defendant Perez for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case or the claims against Defendant Perez, Plaintiff must file an amended complaint showing that the Court has jurisdiction to hear those matters.

The Court also orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendant Perez in his personal capacity and against Defendant Baysinger, the attorney in the underlying state-court proceeding. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). And "it is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. *Dunn v. Harper County*, 520 F. App'x 723, 725–26 (10th Cir. 2013) (*quoting Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Plaintiff asserts claims pursuant to 18 U.S.C. §§ 241 and 242, which are criminal statutes. (*See* Doc. 1 at 7, 21.) "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415–16 (10th Cir. 2003); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff shall show cause why the Court should not dismiss Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242.

Plaintiff also asserts claims pursuant to 5 U.S.C. §§ 556(d), 557 and 706. (*See* Doc. 1 at 8–9, 23–27, 34, 36–37.) Sections 556 and 557 apply to proceedings before federal agencies, and Section 706 applies to review of federal agency actions; accordingly, those Sections do not apply to state court proceedings. *See* 5 U.S.C. § 551(a) ("'agency' means each authority of the Government of the United States"). Plaintiff also asserts Defendant Perez violated 28 U.S.C. §§ 454 and 455, which relate to the practice of law by United States Judges and the disqualification of United States Judges. (*See* Doc. 1 at 39, 42–43.) Sections 454 and 455 do not

6

apply to state-court judges. The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 5 U.S.C. §§ 556(d), 557 and 706 and 28 U.S.C. §§ 454 and 455.

### III.     Order Denying Motion for Appointment of Counsel

Plaintiff requests that the Court appoint counsel and states:

> I understand a pro se litigant has no right to be represented by court-appointed counsel, and the court has no obligation to appoint counsel. However, the court may appoint an attorney who agrees to appear in this exceptional case.

(Doc. 3 at 1.)

Plaintiff is correct that he has no right to be represented by counsel and that the Court has no obligation to appoint counsel. *See Witmer v. Grady Cnty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) ("[C]ivil litigants have no right to counsel"); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (the decision to appoint counsel is left to the "extremely broad" discretion of the district court). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel to

7

represent Plaintiff in this case with compensation. The Court denies Plaintiff's to request legal representation for Plaintiff. The Court will not search for an attorney willing to represent Plaintiff without compensation. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

### IV. Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

### V. Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

8

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

## VI.   Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED.**

(ii)   Plaintiff shall, within **21 days** of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b)  filed an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(iii)  Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE